IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CYNTHIA ALLEN, individually     )
and on behalf of all similarly  )
situated individuals,           )
                                )
            Plaintiff,           )
                                )
   v.                            )    1:16CV1080
                                )
SSC LEXINGTON OPERATING          )
COMPANY LLC, a North Carolina    )
Limited Liability Company,       )
d/b/a BRIAN CENTER NURSING       )
CARE/LEXINGTON,                  )
                                )
            Defendant.           )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

This matter comes before the court on Defendant's Motion to Compel Individual Arbitration and Stay Proceedings. (Doc. 10.) Plaintiff filed a response in opposition (Doc. 22), and Defendant filed a reply (Doc. 30). This matter is now ripe for resolution and for the reasons stated herein, Defendant's motion will be granted.

## I. BACKGROUND

Plaintiff Cynthia Allen ("Allen") filed this putative class and collective action against Defendant SSC Lexington Operating Company LLC, d/b/a Brian Center Nursing Care/Lexington ("SSC") on August 24, 2016, alleging claims under the Fair Labor

Standards Act ("FLSA") including failure to pay minimum wages, failure to pay overtime wages, and failure to keep records. (Complaint (Doc. 1) at 14-20.) Plaintiff also alleged similar violations under certain provisions of the North Carolina Wage and Hour Act ("NCWHA") and the North Carolina Administrative Code ("NCAC"). (Id. at 20-21.) On November 17, 2016, Plaintiff filed a Motion for Conditional Certification and Notification of all Putative Class Members under the FLSA. (Doc. 6.)

On February 16, 2017, Defendant filed the instant Motion to Compel Individual Arbitration and Stay Proceedings (Doc. 10), and a Partial Motion to Dismiss (Doc. 12). On March 23, 2017, Plaintiff filed an Amended Complaint, again alleging a claim under FLSA for failure to pay overtime wages and alleging similar violations of state law. (Amended Complaint ("Am. Compl.") (Doc. 21) at 14-17.)

SSC is a North Carolina limited liability company providing short-term and long-term health care services. (Am. Compl. (Doc. 21) ¶ 14.) Allen worked as an hourly employee for SSC from February 2014 until September 2015 as a Licensed Vocational Nurse/Licensed Practical Nurse. (Id. ¶ 13.) As part of her employment, Allen was given certain documents including an Employment Dispute Resolution Book ("EDR Booklet"), which detailed an Employment Dispute Resolution Program ("EDR Program"). (Def.'s Mem. in Supp. of Mot. to Compel ("Def.'s

Br."), Ex. 1, Sworn Decl. of Katherine M. Tate ("Tate Decl.") (Doc. 11-1) at 2-3; Exs. A & B attached to Tate Decl. (Doc. 11-1) at 5-15.)[1] The last page of the EDR Booklet contained an EDR Program acknowledgment form, which Allen signed on February 10, 2014, acknowledging she was "bound to use the EDR Program to resolve [her] employment related disputes as described within the booklet." (Tate Decl. (Doc. 11-1) at 3, 15.) The EDR Booklet provides in the introduction, in pertinent part:

> Your decision to accept employment or to continue employment with the Company constitutes your agreement to be bound by the EDR Program. Likewise, the Company agrees to be bound by the EDR Program. <u>This mutual agreement to arbitrate claims means that both you and the Company are bound to use the EDR Program as the only means of resolving employment related disputes</u> and to forego any right either may have to a jury trial on issues covered by the EDR Program. However, no remedies that otherwise would be available to you or the company in a court of law will be forfeited by virtue of the agreement to use and be bound by the EDR Program. <u>This Program covers only claims by individuals and does not cover class or collective actions</u>.

(Id. at 6 (emphasis added).) The EDR Booklet states that "[d]isputes covered under the EDR Program pertain to claims such as discipline, discrimination, fair treatment, harassment, termination and other legally protected rights." (Id. at 7.)

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

Under the EDR Program, covered disputes proceed in four steps, with the last step being binding arbitration. (Id. at 8-10.) The EDR Booklet also acknowledges that the "application, interpretation and enforcement of the EDR Program is covered by the Federal Arbitration Act." (Id. at 7.)

**II. ANALYSIS**

Defendant SSC moves this court to compel arbitration of Plaintiff's individual claims. SSC argues that Allen agreed, as part of the EDR Program, to "arbitrate her individual claims" as a condition of her employment. (Def.'s Br. (Doc. 11) at 2, 10.) In SSC's view, the sentence, "[t]his Program covers only claims by individuals and does not cover class or collective actions," is an "express collective action and class action waiver." (Id. at 13-14.) The purported waiver, according to SSC, "expressly prohibits class and collective arbitration." (Id. at 2). Therefore, SSC argues that Allen's individual claims only should be compelled to arbitration. (Id.)

Allen disputes this interpretation. She interprets "[t]his Program covers only claims by individuals and does not cover class or collective actions" to mean that only individual claims fall within the scope of the EDR Program. (Pl.'s Resp. in Opp'n to Def.'s Mot. to Compel Arbitration ("Pl.'s Resp.") (Doc. 22) at 2-3, 5-6.) Allen argues that because she brought a collective and class action lawsuit, the EDR Program and, more

- 4 -

specifically, the arbitration agreement, is simply inapplicable. (Id. at 3.)

Initially, this court notes that federal policy strongly favors arbitration. The Federal Arbitration Act ("FAA") represents "a liberal federal policy favoring arbitration agreements" and applies "to any arbitration agreement within the coverage of the [FAA]." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). Under the FAA, a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A court must compel arbitration if "(i) the parties have entered into a valid agreement to arbitrate, and (ii) the dispute in question falls within the scope of the arbitration agreement." Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc., 807 F.3d 553, 563 (4th Cir. 2015), cert. denied, ____ U.S. ____, 136 S. Ct. 1656 (2016) (citing Muriithi v. Shuttle Express, Inc., 712 F.3d 173, 179 (4th Cir. 2013)).

Here, the parties do not dispute that the arbitration agreement is valid, and Allen does not argue that, had she brought her FLSA and state law claims individually, that they would be subject to arbitration. The parties' only disagreement centers on whether the dispute falls within the scope of the EDR Program — specifically, whether the EDR Program precludes

- 5 -

Case 1:16-cv-01080-WO-JEP Document 37 Filed 09/29/17 Page 5 of 12

collective and class arbitration, (Def.'s Br. (Doc. 11) at 2, 13-14), or whether it simply does not apply to collective and class proceedings in any forum. (Pl.'s Resp. (Doc. 22) at 5-6.)

"[W]hether an arbitration clause permits class arbitration is a gateway question of arbitrability for the court." Dell Webb Cmtys., Inc. v. Carlson, 817 F.3d 867, 873 (4th Cir.), cert. denied, ___ U.S. ___, 137 S. Ct. 567 (2016). The FAA does not permit parties to contractually waive the right to pursue statutory remedies to vindicate substantive legal rights. See Hayes v. Delbert Servs. Corp., 811 F.3d 666, 674-75 (4th Cir. 2016). However, parties may agree to vindicate those rights through arbitration and to "proceed on an individual rather than a class action basis."[2] Id. at 674; see also Adkins v. Labor Ready, Inc., 303 F.3d 496, 506 (4th Cir. 2002) (holding that FLSA claims may be resolved in individual arbitration).

---

[2] This court is aware of the consolidated cases scheduled for oral argument before the Supreme Court on October, 2, 2017, addressing whether certain rights under the National Labor Relations Act ("NLRA") render arbitration agreements restricting employees from pursuing work-related claims on a collective or class basis unenforceable under the FAA. See Epic Sys. Corp. v. Lewis, ___ U.S. ___, 137 S. Ct. 809 (2017); Ernst & Young, LLP v. Morris, ___ U.S. ___, 137 S. Ct. 809 (2017); N.L.R.B. v. Murphy Oil USA, Inc., ___ U.S. ___, 137 S. Ct. 809 (2017). The court is not suggesting that these cases are applicable to this case, but notes that the parties have not raised any arguments under the NLRA. Therefore, the court expresses no view on the merits of such arguments.

In reviewing arbitration agreements, courts must "apply ordinary state law principles governing the formation of contracts, including principles concerning the 'validity, revocability, or enforceability of contracts generally.'" Muriithi, 712 F.3d at 179 (quoting Hill v. Peoplesoft USA, Inc., 412 F.3d 540, 543 (4th Cir. 2005)). Courts must "also apply the federal substantive law of arbitrability, which governs all arbitration agreements encompassed by the FAA." Id. "[W]hether a dispute is arbitrable presents primarily a question of contract interpretation, requiring [the court to] give effect to the parties' intentions as expressed in their agreement." Id. "[I]n applying general state-law principles of contract interpretation to the interpretation of an arbitration agreement within the scope of the [FAA], due regard must be given to the federal policy favoring arbitration." Nazarova v. Duke Univ., No. 1:16CV910, 2017 WL 823578, at *7 (M.D.N.C. Mar. 2, 2017), appeal dismissed, No. 17-1427, 2017 WL 3700919 (4th Cir. Aug. 28, 2017) (quoting Cara's Notions, Inc. v. Hallmark Cards, Inc., 140 F.3d 566, 569 (4th Cir. 1998)). Any doubts regarding the scope of arbitrable issues agreed to by the parties must be resolved in favor of arbitration. Muriithi, 712 F.3d at 179 (citing Moses H. Cone, 460 U.S. at 24-25). Therefore, courts "may not deny a party's request to arbitrate an issue 'unless it may be said with positive assurance that the arbitration clause is not

susceptible of an interpretation that covers the asserted dispute.'" Am. Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 88, 92 (4th Cir. 1996) (quoting United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960)).

Under North Carolina law, courts will determine the intent of the parties by looking to "the language used, the situation of the parties, and objects to be accomplished." Cater v. Barker, 172 N.C. App. 441, 445, 617 S.E.2d 113, 116-17 (2005), aff'd, 360 N.C. 357, 625 S.E.2d 778 (2006) (citation omitted). "Presumably the words which the parties select were deliberately chosen and are to be given their ordinary significance." Id., 617 S.E.2d at 117. However, "[a]n ambiguity exists where the language of a contract is fairly and reasonably susceptible to either of the constructions asserted by the parties." Hemric v. Groce, 169 N.C. App. 69, 76, 609 S.E.2d 276, 282 (2005) (citation omitted).

Here, the EDR Program that Allen signed and acknowledged includes the sentence, "[t]his Program covers only claims by individuals and does not cover class or collective actions." (Tate Decl. (Doc. 11-1) at 6, 15.) "Cover" is not defined in the EDR Booklet, and the court is not convinced, as SSC claims, that the EDR Program constitutes an "express" waiver of collection and class arbitration. For example, one interpretation of

- 8 -

"cover" can mean to have sufficient scope to include. This interpretation suggests, as Allen urges, that class or collective actions are simply outside the scope of the EDR Program.

On the other hand, reading the agreement as a whole, the EDR Program introduction also provides, in the same paragraph, that the employee is "bound to use the EDR Program as the <u>only means of resolving employment related disputes</u> . . . on issues covered." (Def.'s Br. (Doc. 11) at 4; Tate Decl. (Doc. 11-1) at 6 (emphasis added).) If a party could circumvent the EDR Program by bringing a class or collective action outside of arbitration, then the EDR Program would be one of two means to resolve employment related disputes, and the provision binding the employee to use the EDR Program as the only means of resolving employment related disputes would be rendered ineffectual.

For her interpretation, Plaintiff relies primarily on an opinion from the Third Circuit, <u>Novosad v. Thi of Pennsylvania at Broomall, LLC</u>, which held that the "plain language of [the sentence, 'covers only claims by individuals and does not cover class or collective actions'] indicates the parties did not agree to arbitrate Plaintiffs' putative class and/or collective action claims." (Pl.'s Resp. (Doc. 22) at 6-7 (citing <u>Novosad</u>, No. 15-cv-6252 (E.D. Penn. Apr. 11, 2016), <u>aff'd sub nom.</u> <u>Novosad v. Broomall Operating Co. LP</u>, 684 F. App'x 165, 166 (3d

- 9 -

Cir. 2017)). The court notes that the Novosad opinion is not binding precedent to this court, and the court is not persuaded by its holding.

Neither party disputes that the FLSA and state law claims, brought individually, are covered disputes subject to arbitration.[3] At a minimum, the plain language of the agreement raises doubt as to whether the parties intended their agreement to include a waiver of class or collection action, and is "susceptible to either of the constructions asserted by the parties." Hemric, 169 N.C. App. at 76, 609 S.E.2d at 282 (internal quotation marks omitted). Resolving all doubts in favor of arbitration, Muriithi, 712 F.3d at 179, the court finds that Plaintiff's claims must be referred individually to arbitration.

Having concluded that Plaintiff's claims fall within the scope of the EDR Booklet and the EDR Program, § 3 of the FAA requires the court to stay the proceedings until arbitration has been had in accordance with the terms of the agreement. See

---

[3] While not dispositive, the court also notes that a putative class or collective action representative's claim is still brought individually to the extent that the court has not yet made the findings necessary to conditionally certify a collective action under FLSA, 29 U.S.C. § 216(b), or a class action under the Federal Rules of Civil Procedure, Fed. R. Civ. P. 23. Those individual claims are undisputedly arbitrable under the EDR Program, further weakening Plaintiff's reading of the agreement.

9 U.S.C. § 3. Despite the language of § 3, courts have noted that dismissal may be a proper remedy when all claims presented in a lawsuit are arbitrable. See, e.g., Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001) (citing Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992)). Here, however, Defendant specifically requested in its motion that the case be stayed. Accordingly, this court will stay the proceedings pending arbitration.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion to Compel Individual Arbitration and Stay Proceedings (Doc. 10) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Conditional Certification and Notification of all Putative Class Members under the FLSA (Doc. 6) and Defendant's Partial Motion to Dismiss (Doc. 12) are **DENIED AS MOOT WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that this action is **STAYED** until arbitration has been had in accordance with the terms of the parties' arbitration agreement.

The Clerk shall mark the case as inactive. Within 30 days of completion of the arbitration, the parties shall file a joint report advising the court of completion of the arbitration and whether further proceedings in this court are required.

- 11 -

Case 1:16-cv-01080-WO-JEP   Document 37   Filed 09/29/17   Page 11 of 12

This the 29th day of September, 2017.

                                              /s/ William L. Osteen, Jr.
                                              United States District Judge